IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HENRY FIGUEROA RAMOS,<br><br>**Plaintiff(s)**<br><br>**v.**<br><br>CARLOS MOLINA RODRIGUEZ, <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 10-1179 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Defendants' Motion to Dismiss Plaintiffs' § 1983 Complaint for civil rights violations. (Docket No. 13). For the reasons set forth, the Court **GRANTS** Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Henry Figueroa Ramos, a prisoner under the custody of the Puerto Rico Department of Corrections (hereinafter, "DC") brings this § 1983 complaint for civil rights violations against the Commonwealth of Puerto Rico (hereinafter, "Commonwealth"), the DC, and Carlos Molina as Secretary of the DC (hereinafter "Secretary Molina"). Plaintiff alleges he has suffered damages as a result of the Defendants' policy of allowing the sale of cigarettes within the prison wherein Plaintiff lives. As the cigarette trade disseminated

throughout the prison and more inmates began smoking, Plaintiff's asthma condition worsened. Plaintiff now claims money damages for injuries suffered due to smoke inhalation.

**STANDARD OF REVIEW**

<u>Motion to Dismiss Standard of Review</u>

Pursuant to Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. <u>See e.g.</u>, <u>Alicea-Rivera v. SIMED</u>, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. <u>See</u> <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995); <u>Diaz Serrano v. Caribbean Records Inc.</u>, 270 F.Supp.2d 217 (D.P.R. 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." <u>See</u> <u>Aversa v. United States</u>, 99 F.3d 1200, 1210 (1st Cir. 1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. <u>Casas Office Machines v. Mita Copystar America, Inc.</u>, 42 F.3d 668, 673 (1st Cir. 1994).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002). Under Rule 12 (b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000)(quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). Under Rule 12(b)(1) dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

**DISCUSSION**

The Eleventh Amendment bars suits against states for money damages unless the state has consented. See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority, 991 F.2d 935, 938 (1st Cir. 1993); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d 940, 942 (1st Cir. 1989); Ramirez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983).[1] Eleventh Amendment Immunity extends to

---

[1] The Eleventh Amendment provides that: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend XI. Puerto Rico is considered a state for Eleventh Amendment purposes. See Bernier-Aponte v. Izquierdo-Encarnacion, 196 F.Supp.2d 93, 98 (D.P.R. 2002)(citing Negron Gaztambide v. Hernandez Torres, 145 F.3d 410 (1st Cir. 1998)).

arms or "alter egos" of the State. Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp., 322 F.3d 56 (1st Cir. 2003); Bernier-Aponte v. Izquierdo-Encarnacion, 196 F.Supp.2d 93, 98-99 (D.P.R. 2002). Similarly, suits filed against state officials in their official capacity are deemed actions against the state, whether the state is or is not the named party to the suit, since the real party in interest is the State and not the official. Hafer v. Melo, 502 U.S. 21 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Even when state officials act under color of state law pursuant to § 1983, the Eleventh Amendment bars monetary claims against them in their official capacity. Id. at 98-99; see also Kostka v. Hogg, 560 F.2d 37 (1st Cir. 1977). "Although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official, but rather a suit against the official's office." Bernier-Aponte, 196 F.Supp.2d at 98.

The Commonwealth of Puerto Rico has not consented to suit in federal Court for actions under 42 U.S.C. § 1983. Therefore, Plaintiff's claim for money damages against the Commonwealth is barred by the Eleventh Amendment. Metcalf, 991 F.2d at 938. Plaintiff's claim for money damages against the DC, an arm of the Commonwealth, is also barred by the Eleventh Amendment.

<u>Fresenius</u>, 322 F.3d at 56. Finally, inasmuch as Secretary Molina is being sued in his official capacity, Plaintiff's claim for money damages against him is also barred by the Eleventh Amendment. <u>Hafer</u>, 502 U.S. at 25.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of February, 2011.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge